**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Cristaux, Inc., an Illinois Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| Braxton Myles d/b/a B Design, | ) | |
| | ) | |
| Defendant. | | |

**COMPLAINT**

NOW COMES the Plaintiff, CRISTAUX, INC. ("Cristaux" or "Plaintiff"), an Illinois corporation, by and through its attorneys, Lavelle Law, Ltd., and for its Complaint against the Defendant, BRAXTON MYLES d/b/a B DESIGN ("Defendant"), an individual, respectfully states as follows:

**NATURE OF THE ACTION**

1. Cristaux brings this action to prevent Defendant from causing immediate and irreparable harm to its business. Specifically, this is a civil action for violation of Federal Trademark Infringement and Trademark Dilution, as well as a Preliminary Injunction under federal law. Moreover, Cristaux seeks to recover damages caused by Defendant's breach of contract under Illinois law. Cristaux brings this action because Defendant is conducting business using confusingly similar website pictures, creative and engineering drawings, vendor pictures and vendor contact information and trademarks in violation of Cristaux's rights. Cristaux seeks to enjoin Defendant's actions, to recover damages and Defendant's profits and to secure other relief, including attorneys' fees and costs.

## THE PARTIES

2. Cristaux is an Illinois corporation with its principal place of business located at 1343 Brummel Avenue, Elk Grove Village, Illinois 60007.

3. Defendant is an individual and citizen of Illinois residing at 10518 South Emerald Avenue, Cook County, Chicago, Illinois 60628.

4. Upon information and belief, Defendant operates an award and recognition program business in Chicago, Illinois.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1125(a), and 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the laws of the United States, specifically 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), and Fed R. Civ. P. 65. 7.

6. This Court has supplemental jurisdiction over Cristaux's state claims pursuant to 28 U.S.C. § 1367 because they are substantially related to Cristaux's federal Lanham Act claims.

7. This Court has personal jurisdiction over Defendant and venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is doing business in this District, is a resident of Illinois and the events giving rise to Cristaux's claims occurred in this District.

## FACTUAL ALLEGATIONS

8. Cristaux is an Illinois corporation in the business of designing, manufacturing, and distributing of crystal, glass and metallic goods including awards, trophies, recognition products, promotional products and a variety of other goods and wares.

9. Since 2007, Cristaux has operated as a premier provider of awards and recognition programs.

10. Since 2017, Cristaux has been and currently is the record trademark owner of "Cristaux" with a series of three overlapping triangles to the left of the word; additionally, Cristaux's speciality merchandising services, customized advertising materials, online wholesale and retail store services, packaging designs, design and development of custom giftware and promotional items, awards, statues and sculptures, and figurines of crystal and glass are protected under its trademark filings (the "Trademarks"). *See Trademark Registrations, attached hereto as Group Exhibit A.*

11. The existence of these valid and subsisting federal trademark registrations constitutes *prima facie* evidence of the ownership and validity of Cristaux's Trademarks.

12. Cristaux operates a website that serves as its primary marketing vehicle which highlights key projects, clients, and accolades.

13. The content reflected on Cristaux's website includes Cristaux's Trademarks which are owned exclusively by Cristaux, and which may only be used with its permission.

14. Cristaux's Trademarks are displayed on Cristaux's website to promote its goods and services.

15. Consumers around the United States and the world recognize goods and services promoted under Cristaux through its website.

16. Cristaux has invested in its brand since 2017 through a substantial amount of advertising in various forms of media, including but not limited to its website.

17. Through its continued use of the Trademarks since 2017, Cristaux built up substantial goodwill in its Trademarks and the relevant consumers recognize the Trademarks as a source for high-quality awards and recognition programs.

**<u>Cristaux's Employment Agreements</u>**

18. Cristaux enters into various contractual Employment Agreements (the "Employment Agreements") with each of its employees, barring them from competing with Cristaux, disclosing its confidential information, sharing Cristaux's information with the public and utilizing Cristaux's awards and concepts on personal websites.

19. On or about February 28, 2022, Defendant and Cristaux executed certain Employment Agreements. *See the Employment Agreements, Confidentiality Agreement with New Employee, Non-Compete Agreement with New Employee, Privacy Agreement, and Cristaux International 2023 Handbook attached hereto as Exhibits B through E respectively.*

20. Execution of the Employment Agreements was a condition of employment for Defendant.

21. In his respective Employment Agreements, Defendant acknowledged that Cristaux developed "Confidential Information" defined as "all information regarding Cristaux's business operations" including, but not limited to, Cristaux's customer lists, ideas, concepts, and marketing of Cristaux. *See Ex. B, Sec. 1.*

22. Cristaux's Confidential Information includes information regarding Cristaux's business operations not available to the public. *Id*.

23. Through his respective Employment Agreements, Defendant acknowledged and agreed that the "disclosure of any Confidential Information to competitors or potential competitors of Cristaux or to the general public would be highly detrimental to the best interests of Cristaux." *See Ex. B, Sec. 6.*

24. Moreover, Defendant agreed to maintain Cristaux's Confidential Information by not reproducing, using, or utilizing the Confidential Information without Cristaux's express written consent. *See Ex. B, Sec. 2(a)-(c).*

25. All obligations of Defendant under his respective Employment Agreements survive the termination of said Employment Agreements. *See Ex. B, Sec. 14.*

26. Moreover, the Employment Agreements specifically state that in the event of any violation of any provision of the Agreements, Cristaux "shall be authorized and entitled to obtain, from any court of competent jurisdiction, temporary, preliminary and permanent injunctive relief as well as an equitable accounting of all profits or benefits arising out of such violation, which rights and remedies shall be cumulative and in addition to any other rights or remedies to which Cristaux may be entitled." *See Ex. B, Sec. 9.*

27. Pursuant to his Employment Agreements, Defendant also agreed that while employed by Cristaux and during the five-year period following the termination of his employment with Cristaux and within twenty-five (25) miles of Cristaux's business address, he would not directly, or indirectly:

a. Compete with Cristaux's in the business, or any successor in interest to Cristaux;

b. Engage or have an interest as owner, director, employee, partners, sales representative or advise or otherwise, either alone of in association with others, in the operation of the Cristaux business; or

c. Solicit any of the employees of Cristaux to leave the employment of Cristaux. *See Ex. C, Sec. 1(a)-(b).*

28. Defendant agreed that he would pay to Cristaux all attorneys' fees, costs and expenses incurred by Cristaux in enforcing its rights under the Employment Agreements regardless of Cristaux's success on the merits of any litigation. *See Exs. B-C, Secs. (15) and (7).*

29. In addition, on March 8, 2023, Defendant signed a Privacy Disclaimer Agreement in which he acknowledged Cristaux's confidentiality standards and agreed to refrain from (1) sharing personal posts about Cristaux's clients; (2) sharing Cristaux's private company information with the public; and (3) including Cristaux's awards and concepts on his own personal websites. *See Ex. D.*

30. Despite the foregoing, Defendant violated his Employment Agreements and the Privacy Disclaimer Agreement by: (1) using and/or disclosing Cristaux's confidential information for his own benefits; (2) participating in the ownership, management, operation or control of B Design, which is in direct competition with Cristaux; and/or (3) soliciting and/or attempting to persuade employees of Cristaux to leave the employment of Cristaux.

**Defendant's Unlawful Activities**

31. On or about February 20, 2025, Defendant officially resigned from his employment with Cristaux.

32. Shortly thereafter, Cristaux discovered that Defendant launched a new business venture, namely B Design, and is marketing it through a website with the URL https://www.bmydesign.com/ that uses unauthorized copies of Cristaux's photographs and texts.

33. Specifically, Defendant's website copies Cristaux materials without authorization and reports them without change.

34. Moreover, all projects contained on Defendant's website and marketed projects completed by B Design are projects that Cristaux completed for customers including but not limited to Rolex, Shopify and Lam Research.

35. Defendant's website also displays Cristaux's proprietary production files and in-house production photos that are never shared externally.

36. Defendant's website falsely represents Cristaux's designs, customer relationships, concepts, and achievements as Defendant's own.

37. An example of Cristaux's Trademarks used by Defendant are reproduced below:

**<u>CRISTAUX'S TRADEMARKS</u>**




**<u>DEFENDANT'S MARKS</u>**






38. *See* additional examples of Defendant's use of the Trademarks, attached hereto as Exhibit F.

39. Cristaux's Trademarks and the marks used by Defendant on his website are nearly identical as follows:

a. Defendant's use of identical photographs of specific awards created by Cristaux such as the Shopify award, Rolex award, and Lam Research award;

b. The appearance and style of the headings on each page dedicated to a specific customer such as "Challenges" and "The Scope" similar to "The Creation" on Cristaux's website;

c. The use of the term "Redefining Recognition" glaringly similar to Cristaux's Trademark "Modernizing Recognition" also used on Cristaux's website;

d. Placement of the brand name in the upper right corner of the cover of each page on the website.

40. Upon information and belief, Defendant began developing and utilizing this unauthorized content on or around December 4, 2024, while still employed with Cristaux.

41. In addition, after Defendant's resignation, Cristaux learned that Defendant had attempted to orchestrate a mass resignation of Cristaux's employees by engaging in communications intended to encourage others to leave the company.

42. Upon taking possession of Defendant's company-issued work computer, Cristaux discovered communications in which Defendant spoke disparagingly about Cristaux, spread false rumors, and intentionally caused discord among staff.

43. Cristaux further discovered that Defendant deleted approximately thirty (30) gigabytes of data from the work computer.

44. Upon information and belief, the deleted data included Confidential Information regarding Cristaux's customers, vendors, ongoing projects, and proprietary imagery.

45. Subsequently, Cristaux discovered that Defendant's website is now restricted by a login portal.

46. Upon information and belief, additional unauthorized uses of Cristaux's Trademarks and Confidential Information remain hidden behind that portal.

## COUNT I
## PRELIMINARY INJUNCTION

47. Cristaux realleges and incorporates by reference Paragraphs 1 through 46 as Paragraph 47 of Count I as though fully set forth herein.

48. Cristaux has clearly ascertainable rights and interests in the Trademarks on its website, including but not limited to Cristaux's client information, photographs, texts, designs, business concepts and ideas, and achievements, products and services.

49. Cristaux's clearly ascertainable rights and interests are in need of protection.

50. Cristaux has a protectable interest in the Trademarks as the Trademarks are registered with the U.S. Patent and Trademark Office.

51. Defendant infringed upon and jeopardized Cristaux's rights and interests in the Trademarks by taking and using them on Defendant's website to Defendant's benefit and to Cristaux's detriment.

52. Cristaux has no adequate remedy at law to address such harm since the violations are repetitive and ongoing.

53. Cristaux will be irreparably harmed absent the entry of injunctive relief.

54. Cristaux is likely to succeed on the merits as Defendant continues to use unauthorized copies of Cristaux's photographs and texts on his website in an attempt to pass of Cristaux's designs, work, customers, concepts and achievement as his own without Cristaux's consent and in violation of Cristaux's rights and interests.

55. Moreover, the Employment Agreements signed by Defendant allow Cristaux to obtain injunctive relief as well as equitable accounting of all profits and benefits arising out of any violation of the Employment Agreements. *See Ex B, Sec 9.*

WHEREFORE, the Plaintiff, Cristaux, Inc., respectfully requests that this Court enter an Order as follows:

A. An injunction prohibiting Defendant from competing against Cristaux;

B. An injunction prohibiting Defendant from possessing and using any of Cristaux's Trademarks;

C. Ordering that Defendant and his officers, agents, employees, and attorneys and upon those persons in active concert or participation with them, to refrain from diluting and infringing upon the Trademarks;

D. Setting a hearing on the preliminary injunction as soon as is practicable;

E. An award of attorneys' fees and costs; and

F. Such further relief as may be fair and just.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT

56. Cristaux realleges and incorporates by reference Paragraphs 1 through 46 as Paragraph 56 of Count II as though fully set forth herein.

57. The Trademarks are protectable as they have been registered with the U.S. Patent and Trademark Office by Cristaux.

58. Defendant's use of the Trademarks on his website is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. 1125(a).

59. Specifically, Defendant is misrepresenting and falsely describing to the general public the origin and source of certain customers and projects completed by Cristaux and creating a likelihood of confusion by consumers and vendors as to the source of such products.

60. Due to the similar products produced and the fact that Defendant is using identical photographs and texts from Cristaux's website, consumers will believe that Defendant's products are Cristaux's, thus causing a high likelihood of confusion among consumers.

61. Defendant's use of the Trademarks will cause confusion among consumers because the method used by Defendant to sell the products is identical to Cristaux's method for sale of the same.

62. Defendant's use of the Trademarks will cause confusion among consumers because the degree of care likely to be exercised by consumers in purchasing the product is low as the products produced are crystal, glass and metallic goods including awards, trophies, and promotional products sold in the same manner.

63. The similarity of Cristaux's Trademarks used by Defendant shows that Defendant intended to pass off Cristaux's designs, work, customers, concepts and achievements as his own.

64. As a direct and proximate result of the foregoing acts of Defendant, Cristaux has suffered and will continue to suffer damages in an amount that will be established at trial.

WHEREFORE, the Plaintiff, Cristaux, Inc., respectfully requests that this Court enter an Order as follows:

A. Awarding Cristaux any and all profits Defendant received as a result of infringing upon the Trademarks from December 4, 2024, through the date of judgment;

B. Awarding Cristaux compensatory damages in an amount to be proven at trial;

C. Awarding Cristaux attorneys' fees and costs; and

D. Such further relief as may be fair and just.

**COUNT III**
**TRADEMARK DILUTION**

65. Cristaux realleges and incorporates by reference Paragraphs 1 through 46 as Paragraph 65 of Count III as though fully set forth herein.

66. The Trademarks have been in existence since 2017 and have been used on Cristaux's website since then thereby making them well known to consumers.

67. Defendant adopted the Trademarks and began to use the same on his website beginning December 4, 2024, and continues to use the Trademarks without payment or authorization.

68. Defendant's use of Cristaux's Trademarks on his website has caused dilution to the Trademarks.

69. Defendant's use of the Trademarks without authorization or consent erodes their effectiveness, as Defendant's marks and the Trademarks are glaringly similar.

70. Defendant's use of the Trademarks without authorization or consent erodes their effectiveness because Cristaux's Trademarks are distinctive indicators of the same.

71. Defendant's use of the Trademark is commercial and its sale of the same is in commerce.

WHEREFORE, the Plaintiff, Cristaux, Inc., respectfully requests that this Court enter an Order as follows:

A. Awarding Cristaux any and all profits Defendant received as a result of dilution upon the Trademarks from December 4, 2024, through the date of judgment;

B. Awarding Cristaux compensatory damages in an amount to be proven at trial;

C. Awarding Cristaux attorneys' fees and costs; and

D. Awarding any additional relief to Cristaux this Court deems necessary and just.

**COUNT IV**
**VIOLATION OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**

72. Cristaux realleges and incorporates by reference Paragraphs 1 through 46 as Paragraph 72 of Count IV as though fully set forth herein.

73. Defendant's use in commerce of Cristaux's Trademarks in connection with the sale, offering for sale, distribution and advertising of awards and recognition programs violates the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 in the following ways:

a. Passes off the goods and services as those of another;

b. Causes the likelihood of confusion or of misunderstanding as to the origin, source and production of said goods and services;

c. Causes the likelihood of confusion or misunderstanding as to the affiliation, connection or association with or certification by another; and

d. Engages in other conduct that similarly creates a likelihood of confusion or misunderstanding.

74. As a direct and proximate result of the foregoing acts of Defendant, Cristaux has suffered and will continue to suffer monetary damages in an amount to be determine at trial.

WHEREFORE, the Plaintiff, Cristaux, Inc., respectfully requests that this Court enter an Order as follows:

A. Awarding Cristaux compensatory damages in an amount to be proven at trial;

B. Awarding Cristaux attorneys' fees and costs; and

C. Awarding any additional relief to Cristaux this Court deems necessary and just.

**COUNT V**
**BREACH OF EMPLOYMENT AGREEMENTS**

75. Cristaux realleges and incorporates by reference Paragraphs 1 through 46 as Paragraph 75 of Count V as though fully set forth herein.

76. The Employment Agreements executed by and between Cristaux and Defendant are valid and enforceable contracts.

77. Cristaux performed all material obligations under Defendant's Employment Agreements.

78. Defendant has materially breached his Employment Agreements by:

a. Using and/or disclosing Cristaux's Confidential Information on his website;

b. Selling or otherwise providing products or services similar to or competitive with the products and services offered, designed or distributed by Cristaux;

c. Participating in the ownership, management, operation or control of B Design, which is in direct competition with Cristaux;

d. Soliciting and/or attempting to persuade employees of Cristaux to leave the employment of Cristaux; and

e. Other breaches which Cristaux has yet to discover.

79. Defendant materially breached his Employment Agreements with the specific intent to cause injury to Cristaux.

80. Defendant's actions in breach of his Employment Agreements were substantially certain to result in injury to Cristaux.

81. Moreover, Cristaux's actions in breach of his Employment Agreements were done in conscious disregard of his duties as an employee of Cristaux and/or without just cause or excuse.

82. Cristaux has been damaged by Defendant's material breaches of his Employment Agreements.

WHEREFORE, the Plaintiff, Cristaux, Inc., respectfully requests that this Court enter an Order as follows:

A. Awarding Cristaux compensatory damages in an amount to be proven at trail;

B. Awarding Cristaux any and all profits Defendants received arising out of his breach of the Employment Agreements;

C. Cristaux's attorneys' fees and costs;

D. Statutory prejudgment interest; and

E. Such further relief as may be fair and just.

Respectfully Submitted,

CRISTAUX, INC

By: /s/ Matthew J. Sheahin
One of its Attorneys

Mathew J. Sheahin (ARDC #624387)
**Lavelle Law, Ltd.**
141 W. Jackson, Suite 2800
Chicago, Illinois 60604
Phone: 312-332-2855
msheahin@lavellelaw.com
13475/001 - Collections Litigation/Pleadings/04.21.25.Complaint.docx